UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON W. ENGEL,                           )
                        Plaintiff,        )
                                          )        No. 1:26-cv-427
-v-                                       )
                                          )        Honorable Paul L. Maloney
MICHIGAN UNEMPLOYMENT INSURANCE           )
AGENCY,                                   )
                        Defendants.       )
                                          )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jason Engel, proceeding without the assistance of counsel, sued the Michigan Unemployment Insurance Agency. Engel claims Defendant mishandled his unemployment insurance claim, engaged in misconduct, administratively delayed adjudicating his appeal, and then withheld benefits following his successful appeal. ECF No. 17 First Amended Compl.

Defendant filed a motion to dismiss. ECF No. 22. The Magistrate Judge issued a report recommending the court grant the motion to dismiss. ECF No. 32. Plaintiff filed objections. ECF No. 34. Plaintiff also filed a motion for leave to file a second amended complaint. ECF No. 35. Plaintiff's objections and motion raise the prospect that his proposed amended complaint might overcome at least some of the deficiencies identified in the motion to dismiss. The court will adopt the report and recommendation and will deny the motion for leave to amend.

In its motion to dismiss, Defendant raises two arguments. First, as an arm of the state, it enjoys immunity under the Eleventh Amendment. Second, Defendant argues that arms

of the state are not a person under 42 U.S.C. § 1983.   Plaintiff relies on 42 U.S.C. § 1983, which creates a cause of action against a person acting under color of state law.   The Magistrate Judge agreed with Defendant and recommends granting the motion.

### A. Objections to Report and Recommendation

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff does not specifically object to any particular finding of fact or conclusion of law.  Instead, Plaintiff argues that he can cure the deficiencies in his amended complaint by filing a second amended complaint.  Plaintiff argues he can amend the complaint to sue the head of the Agency in his official capacity.  Plaintiff contends this amendment would overcome the problems identified in the report and recommendation and would allow him to pursue injunctive relief.  Plaintiff advances five objections.

1.  The R&R fails to consider whether leave to amend should be granted.

The court overrules Plaintiff's objection. When the Magistrate Judge issued the R&R, Plaintiff had not filed any motion seeking leave to amend the complaint.  The Magistrate Judge considered the pleading and the arguments raised in Defendant's motion.  The court

need not anticipate how and whether a party might overcome pleading problems raised in a motion to dismiss through an amended pleading.

2.  The R&R does not address *Ex parte Young*.

The court overrules Plaintiff's objection.  In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that an exception exists to Eleventh Amendment immunity when a plaintiff seeks prospective relief against a state official sued in his or her official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002).  But Plaintiff has not sued any official in his or her official capacity.  Plaintiff sued a state agency.

3.  The R&R does not address Plaintiff's allegations concerning delayed payment of benefits.

The court overrules Plaintiff's objection.  The Magistrate Judge found that the Eleventh Amendment created a jurisdictional bar against this lawsuit.  And, the Magistrate Judge found that the statute on which Plaintiff relies does not permit Plaintiff to sue a state agency.  Therefore, the Magistrate Judge did not need to address Plaintiff's allegations concerning damages.

4.  The deficiencies identified in the R&R related to the identity of the defendant and not the absence of an underlying claim.

The court overrules Plaintiff's objection.  This objection does not provide a reason to reject the R&R.

5.  Dismissal of a pro se action without an opportunity to cure pleading deficiencies is inappropriate.

The court overrules Plaintiff's objection.  A court has no obligation to *sua sponte* provide a party the opportunity to amend the pleadings.  *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986).

## B.  Motion for Leave to Amend

The court also considers Plaintiff's motion for leave to amend his complaint.  He filed the proposed complaint as an exhibit.  ECF No. 35-1.  Plaintiff seeks to add a defendant, Jason Palmer, who serves as the Director of the Michigan Unemployment Insurance Agency.  Plaintiff would sue Palmer in his official capacity.  Plaintiff alleges a single claim: violation of procedural due process.  He seeks a declaration that Defendant violated his rights, he seeks prospective relief in the form of access to records relating to his unemployment claim, and he seeks damages.

Rule 15(a)(2) permits a party to amend the pleading with leave of the court, which should be freely given when justice so requires.  However, a court need not grant leave to amend a complaint when the amendment would be futile, meaning that it would not survive a motion to dismiss.  *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014).

The court finds that the proposed amended complaint would be futile and will deny Plaintiff's motion.  The Eleventh Amendment generally precludes an action for damages, including claims against state officials in sued in their official capacities.  *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).  Adding Jason Palmer as a defendant does not overcome the

4

Eleventh Amendment immunity problem identified in the R&R. The *Ex parte Young* exception applies to on-going violations of the constitution and federal law, not past violations, and is limited to lawsuits seeking prospective relief. *Enbridge Energy, LP v. Whitmer*, 135 F.4th 467, 473 (6th Cir. 2025). Under the *Younger* exception, if a plaintiff can establish that a state official's actions violate the constitution or federal law, then a federal court can, without violating the Eleventh Amendment, order that state official to refrain from violating the law. *Id.* Plaintiff does not allege an on-going violation of his procedural due process rights. It is not clear from Plaintiff's proposed complaint whether Defendant continues to withhold benefits, which would be considered damages. Plaintiff does not allege that the Agency continues to withhold other identifiable property. *See Mikel v. Quin*, 58 F.4th 252, 257 (6th Cir. 2023).

Accordingly, the court **ADOPTS** the report and recommendation. ECF No. 32. The court **GRANTS** Defendant's motion to dismiss. ECF No. 22. Because court concludes that Defendant enjoys Eleventh Amendment immunity, the dismissal must be without prejudice. *See Ernst*, 427 F.3d at 366-67. The court also **DENIES** Plaintiff's' motion for leave to amend his complaint. ECF No. 35. **IT IS SO ORDERED.**

Date:   July 20, 2026                                              /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge